IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FOOD CONCEPTS INTERNATIONAL, L.P. | § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-2920 |
| CARDCASH EXCHANGE, INC. | § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Food Concepts International, L.P. ("Abuelo's") brings this action against Defendant CardCash Exchange, Inc. ("CardCash") and alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil action for copyright and trademark counterfeiting and infringement arising under federal and Texas law.

2. Abuelo's is the owner and operator of the national chain of Abuelo's Mexican food restaurants, and it has created and sells Abuelo's-branded gift cards to enable its customers to give the gift of Abuelo's meals to others.

3. CardCash has been selling counterfeit versions of Abuelo's gift cards on its online marketplace.

4. Abuelo's contacted CardCash to discover the origin of the counterfeit Abuelo's gift cards, but CardCash refused to cooperate, thus necessitating the filing of this Complaint to help Abuelo's remove the counterfeit gift cards from the market and protect its customers.

## II.  PARTIES

5. Plaintiff Food Concepts International, L.P. is a limited partnership organized and existing under the laws of the State of Texas with a principal place of business at 2575 South Loop 289, Lubbock, Texas 79423.

6. Defendant CardCash Exchange, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 990 Cedar Bridge Avenue, Suite B7, Room 365, Brick, New Jersey, 08724.

## III.  JURISDICTION AND VENUE

7. This is a civil action for trademark counterfeiting, trademark infringement, and unfair competition under the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1114, 1116, and 1125, and copyright counterfeiting and infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et. seq.*, and unfair competition under Texas law.

8. This Court has original jurisdiction of the Lanham Act and Copyright Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  The state law claims are so related to the federal law claims that they form part of the same case and controversy, thereby making exercise of supplemental jurisdiction under 28 U.S.C. § 1367 appropriate.

9. This Court may exercise personal jurisdiction over CardCash because CardCash has continuous and systematic contacts with the state of Texas and has directed its advertising, marketing, and sales of counterfeit and infringing gift cards to Texas residents for use at Abuelo's restaurants located in Texas, and these claims arise out of those activities.  Therefore, Abuelo's causes of action arise from and are directly related to CardCash's contacts with the state of Texas.  Specifically (1) CardCash offers to buy and sell gift cards, including counterfeit and infringing Abuelo's gift cards, to residents of this judicial district for use at Abuelo's restaurants located in this district; (2) CardCash maintains an interactive website through which

residents of this judicial district may buy and sell counterfeit and infringing Abuelo's gift cards for use at Abuelo's restaurants in this district; (3) CardCash has committed tortious acts within this judicial district and/or committed tortious injury in this judicial district caused by an act or omission outside the state; and (4) CardCash has engaged in other persistent courses of conduct within this judicial district.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because CardCash, being subject to personal jurisdiction, is deemed to reside in this judicial district, and because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this judicial district.

## IV. FACTUAL BACKGROUND

**A.  Abuelo's Background and Its Trademarks and Copyrights**

11. Abuelo's is the owner and operator of the national chain of Abuelo's Mexican food restaurants, and the owner of the intellectual property rights associated with same.

12. Since 1995, Abuelo's upscale, full-service Mexican restaurants have served delicious, made-from-scratch dishes to customers at everyday prices under the mark ABUELO'S.  Having started in Texas, Abuelo's has expanded to over 3 dozen restaurants spanning 13 states.  Abuelo's currently has 13 restaurants in Texas and 6 restaurants located in the Northern District of Texas.  Diners nationwide recognize the quality and value of Abuelo's restaurants as evidenced by Abuelo's being consistently the highest ranked Mexican chain in *Consumer Reports* magazine since 2006.

13. To protect its name and reputation, Abuelo's has obtained numerous federal trademark registrations for its trademarks (collectively, the "Abuelo's Trademarks"), including U.S. Trademark Registration No. 2,989,331 for the mark "ABUELO'S."  U.S. Trademark

Registration No. 2,989,331, a true and correct copy of which is attached as **Exhibit A**, has been afforded incontestable status under 15 U.S.C. § 1065.

14. In 2011, Abuelo's created a gift card bearing its "ABUELO'S" trademark and four (4) distinctive photographs, as shown here (the "Abuelo's Gift Card Design"):



15. To protect the look and feel of the Abuelo's Gift Card Design, Abuelo's has obtained numerous federal copyright registrations covering the Abuelo's Gift Card Design as a whole and several of the images featured in the Abuelo's Gift Card Design, including U.S. Copyright Registration Nos. VA2-064-891, VA2-065-608, and VA2-065-610 (collectively, the "Abuelo's Copyrights"). True and correct copies of the Abuelo's Copyrights are attached as **Exhibit B**.

**B.   CardCash's Infringing Activities**

16. CardCash operates an online marketplace at the *cardcash.com* domain name that sells gift cards for third-party restaurants and stores, including Abuelo's.

17. A screenshot taken of the *cardcash.com* website on October 18, 2017, showing CardCash's offers to buy and sell Abuelo's gift cards, is shown here:



18.     CardCash is not licensed or authorized by Abuelo's to sell Abuelo's gift cards or to reproduce or display any of the Abuelo's Trademarks or Abuelo's Copyrights.

19.     An example of an Abuelo's gift card that was sold by CardCash over its *cardcash.com* website is shown here (the "CardCash Virtual Gift Card"):



20.     As can be seen, the CardCash Virtual Gift Card contains an exact copy of the registered Abuelo's Gift Card Design and prominently displays the registered "ABUELO'S" trademark.

21.     Abuelo's does not offer or sell gift cards in the format of the CardCash Virtual Gift Card, and thus Abuelo's did not create the CardCash Virtual Gift Card.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                    Page 5 of 17

22. CardCash either created the CardCash Virtual Gift Card or obtained the CardCash Virtual Gift Card from a third party.

23. Diner's attempting to redeem Abuelo's branded gift cards at Abuelo's restaurants have been unable to do so due to the counterfeit and infringing gift cards being sold by CardCash.

24. As a consequence of CardCash's past, and possibly ongoing and future infringement and counterfeit activities, Abuelo's has suffered and will continue to suffer irreparable injury, the exact nature, extent, and amount of which cannot be ascertained at this time.

## V. CAUSES OF ACTION

### COUNT ONE:
### TRADEMARK COUNTERFEITING UNDER
### THE LANHAM ACT, 15 U.S.C. §§ 1114(1) AND 1116

25. Abuelo's refers to and incorporates by reference each and every allegation set forth above.

26. Abuelo's owns federal registrations for the Abuelo's Trademarks, including incontestable U.S. Trademark Registration No. 2,989,331 on the principal register.

27. Abuelo's owns and is using the Abuelo's Trademarks in interstate commerce in connection with restaurant services and the offering for sale and sale of gift cards bearing the Abuelo's Trademarks.

28. Without Abuelo's consent, CardCash has used in commerce reproductions, counterfeits, copies and/or colorable imitations of the Abuelo's Trademarks in connection with the sale, offering for sale, distribution, or advertising of fraudulent gift cards in a manner likely to cause confusion, or cause mistake, or deceive as to the origin, sponsorship, approval, affiliation or connection of CardCash's fraudulent gift cards, which constitutes trademark

counterfeiting in violation of 15 U.S.C. §§ 1114 and 1116.

29. The "ABUELO'S" trademark displayed on the CardCash Virtual Gift Card is identical to Abuelo's mark registered by its U.S. Trademark Registration No. 2,989,331, and its use was not authorized by Abuelo's.

30. CardCash has used the "ABUELO'S" trademark in connection with trafficking in goods or services, namely, the sale of the CardCash Virtual Gift Card.

31. CardCash's activities at all times relevant to this action have been willful and/or knowing.

32. CardCash's activities have directly and proximately caused and, unless enjoined, will continue to cause irreparable injury to Abuelo's and the goodwill Abuelo's has established in its name, products, and services over the years, and Abuelo's has no adequate remedy at law. Abuelo's is, accordingly, entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

33. Abuelo's has suffered and will continue to suffer substantial damage to its business, reputation, and goodwill, and will continue to suffer the loss of sales and profits that Abuelo's would have made but for CardCash's acts, and Abuelo's is entitled to recover damages, CardCash's profits, and the costs of this action pursuant to 15 U.S.C. § 1117(a), treble damages under 15 U.S.C. § 1117(b), or, alternatively, statutory damages pursuant to 15 U.S.C. § 1117(c).

34. CardCash's conduct constitutes an "exceptional" case under 15 U.S.C. § 1117(a), and Abuelo's is entitled to attorneys' fees and other costs the Court considers just and equitable.

## COUNT TWO:
### TRADEMARK INFRINGEMENT UNDER
### THE LANHAM ACT, 15 U.S.C. § 1114(1)

35. Abuelo's refers to and incorporates by reference each and every allegation set forth above.

36. Abuelo's owns federal registrations for the Abuelo's Trademarks, including incontestable U.S. Trademark Registration No. 2,989,331 on the principal register.

37. Abuelo's owns and is using the Abuelo's Trademarks in interstate commerce in connection with restaurant services and the offering for sale and sale of gift cards bearing the Abuelo's Trademarks.

38. Without Abuelo's consent, CardCash has used in commerce reproductions, copies and/or colorable imitations of the Abuelo's Trademarks in connection with the sale, offering for sale, distribution, or advertising of fraudulent gift cards in a manner likely to cause confusion, or cause mistake, or deceive as to the origin, sponsorship, approval, affiliation or connection of CardCash's fraudulent gift cards, which constitutes trademark infringement in violation of 15 U.S.C. § 1114.

39. The "ABUELO'S" trademark displayed on the CardCash Virtual Gift Card is identical to Abuelo's mark registered by its U.S. Trademark Registration No. 2,989,331, and its use was not authorized by Abuelo's.

40. CardCash has used the "ABUELO'S" trademark in connection with the sale and marketing of goods or services, namely, the sale of the CardCash Virtual Gift Card.

41. CardCash's activities at all times relevant to this action have been willful and/or knowing.

42. CardCash's activities have directly and proximately caused and, unless enjoined, will continue to cause irreparable injury to Abuelo's and the goodwill Abuelo's has established in its name, products, and services over the years, and Abuelo's has no adequate remedy at law. Abuelo's is, accordingly, entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

43. Abuelo's has suffered and will continue to suffer substantial damage to its

business, reputation, and goodwill, and will continue to suffer the loss of sales and profits that Abuelo's would have made but for CardCash's acts, and Abuelo's is entitled to recover damages, CardCash's profits, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

44.     CardCash's conduct constitutes an "exceptional" case under 15 U.S.C. § 1117(a), and Abuelo's is entitled to attorneys' fees and other costs the Court considers just and equitable.

### COUNT THREE:
### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

45.     Abuelo's refers to and incorporates by reference each and every allegation set forth above.

46.     Abuelo's owns and has used the Abuelo's Trademarks in interstate commerce in connection with restaurant services and offered for sale or sold gift cards bearing the Abuelo's Trademarks.

47.     Without Abuelo's consent, CardCash has used in commerce reproductions, copies, and/or colorable imitations of the Abuelo's Trademarks in connection with the sale, offering for sale, distribution, or advertising of fraudulent gift cards in a manner likely to cause confusion, or cause mistake, or deceive as to the origin, sponsorship, approval, affiliation or connection of CardCash's fraudulent gift cards, which constitutes trademark infringement, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

48.     CardCash's activities at all times relevant to this action have been willful and/or knowing.

49.     CardCash's activities have directly and proximately caused and, unless enjoined, will continue to cause irreparable injury to Abuelo's and the goodwill Abuelo's has established

in its name, products, and services over the years, and Abuelo's has no adequate remedy at law. Abuelo's is, accordingly, entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

50. Abuelo's has suffered and will continue to suffer substantial damage to its business, reputation, and goodwill, and will continue to suffer the loss of sales and profits that Abuelo's would have made but for CardCash's acts, and Abuelo's is entitled to recover damages, CardCash's profits, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

51. CardCash's conduct constitutes an "exceptional" case under 15 U.S.C. § 1117(a), and Abuelo's is entitled to attorneys' fees and other costs the Court considers just and equitable.

**COUNT FOUR:**
**COPYRIGHT INFRINGEMENT**
**UNDER THE COPYRIGHT ACT, 17 U.S.C. § 101, *et seq.***

52. Abuelo's refers to and incorporates by reference each and every allegation set forth above.

53. Abuelo's owns U.S. copyright registrations for the Abuelo's Gift Card Design, namely, the Abuelo's Copyrights, the underlying works of which were all created in the United States.

54. The CardCash Virtual Gift Card contains a substantial amount of original material from the Abuelo's Gift Card Design and Abuelo's Copyrights that constitutes copyrightable subject matter pursuant to 17 U.S.C. § 102(a) and which is protected under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

55. CardCash has used, or caused to be used, unauthorized copies of the Abuelo's Gift Card Design and Abuelo's Copyrights in violation of Abuelo's exclusive rights under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* CardCash's marketing, advertising, distributing, displaying, offering to sell, and selling of substantially similar or identical copies of the Abuelo's

Gift Card Design and Abuelo's Copyrights by the CardCash Virtual Gift Card constitutes copyright infringement in violation of Abuelo's exclusive rights under the Copyright Act.

56. CardCash has never had any express or implied license from Abuelo's to use Abuelo's Gift Card Design or any of Abuelo's Copyrights at any time.

57. CardCash's activities at all times relevant to this action have been willful and/or knowing.

58. CardCash's activities have directly and proximately caused and, unless enjoined, will continue to cause irreparable injury to Abuelo's, and Abuelo's has no adequate remedy at law. Abuelo's is, accordingly, entitled to injunctive relief pursuant to 17 U.S.C. § 502.

59. By reason of CardCash's acts of copyright infringement, Abuelo's is entitled to recover actual damages and all profits received or otherwise achieved, directly or indirectly, by CardCash in connection with CardCash's marketing, advertising, distributing, displaying, offering to sell, and selling of the counterfeit and infringing gift cards or, in the alternative, statutory damages as provided for in 17 U.S.C. § 504(c). Abuelo's is also entitled to recover attorneys' fees and costs under 17 U.S.C. § 505.

### COUNT FIVE:
#### UNFAIR COMPETITION AND MISAPPROPRIATION UNDER TEXAS AND COMMON LAW

60. Abuelo's refers to and incorporates by reference each and every allegation set forth above.

61. Abuelo's developed the Abuelo's Trademarks and the Abuelo's Copyrights through extensive time, skill, labor and money. In connection with the advertisement, marketing, and sale of its products, such as the CardCash Virtual Gift Card, CardCash has exploited the

reputation and goodwill associated with the Abuelo's Trademarks and the Abuelo's Copyrights in competition with Abuelo's to gain a competitive advantage.

62. CardCash gained a particular advantage because it was not burdened with the expenses incurred by Abuelo's in developing the goodwill, reputation, and materials for the Abuelo's Trademarks and the Abuelo's Copyrights.

63. By these actions, CardCash has gained a financial benefit for itself and has caused financial loss and damages to Abuelo's.

64. Such actions by CardCash constitute unfair competition and misappropriation under Texas law and have caused and will continue to cause Abuelo's irreparable injury for which Abuelo's has no adequate remedy at law. Abuelo's is, accordingly, entitled to injunctive relief.

65. Abuelo's is entitled to recover its damages arising from CardCash's unfair competition, as well as injunctive relief.

## VI. REQUEST FOR INJUNCTIVE RELIEF

66. Abuelo's refers to and incorporates by reference each and every allegation set forth above.

67. CardCash has violated 15 U.S.C. §§ 1114(1), 1116 and 1125(a) and 17 U.S.C. § 101, *et seq.*, as well as Texas common law, and Abuelo's is therefore entitled to injunctive relief under 17 U.S.C. § 502(a) and 15 U.S.C. § 1116, and Texas common law.

68. Abuelo's requests that the Court issue preliminary and permanent injunctive relief enjoining CardCash and its officers, directors, agents, employees, successors, assigns and attorneys, and all other persons or entities in active concert or participation with CardCash who receive notice of the injunction, from doing, aiding, causing or abetting the following:

(a) engaging in any acts or activities directly or indirectly calculated to trade upon Abuelo's trademarks, names, logos, reputation or goodwill, including any further use of marks that are identical or confusingly similar to the Abuelo's Trademarks;

(b) directly or indirectly using in commerce a reproduction, counterfeit, copy, or colorable imitation of the Abuelo's Trademarks in connection with the sale, offering for sale, distribution, or advertisement of any goods and/or services without authorization from Abuelo's;

(c) directly or indirectly using any false designation of origin, false or misleading description of fact, or false or misleading representation of fact in connection with the sale of CardCash' products or services, including any representation that CardCash and/or its products and services are affiliated or connected with, or authorized, approved, licensed, or sponsored by Abuelo's;

(d) passing off, inducing or enabling others to sell or pass off, as products or services produced by or for or distributed with authorization of Abuelo's, any product or service that is not the product or service of Abuelo's, is not produced under the control or supervision of Abuelo's, is not approved by Abuelo's, or is not distributed with Abuelo's express authorization;

(e) engaging in any acts or activities directly or indirectly calculated to infringe upon Abuelo's copyrights, including the Abuelo's Copyrights;

(f) directly or indirectly using, or enabling others to use, any duplication or reproduction of any of Abuelo's Copyrights; and

(g) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f).

69. Abuelo's will suffer immediate and irreparable damage, injury and harm for which there is no adequate remedy at law if CardCash is not immediately and permanently enjoined from the conduct listed above.

70. Public policy favors the protection of intellectual property rights, and the prevention of unfair competition, and any injunctive relief granted herein will therefore be in accordance with public policy.

71. The potential damage to Abuelo's if the injunctive relief requested herein is not granted far outweighs any harm that CardCash will suffer as a result of the injunctive relief requested.  Immediate and permanent injunctive relief is therefore appropriate.

## VII. JURY DEMAND

72. Abuelo's demands a trial by jury on all claims for which a jury trial may be had.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Abuelo's prays that the Court grant the following relief:

1. Order that CardCash and its officers, directors, agents, employees, successors, assigns and attorneys, and all persons and entities in active concert or participation who receive notice of the injunction by personal service or otherwise, be enjoined and restrained permanently, from doing, aiding, causing, or abetting any of the following:

(a) engaging in any acts or activities directly or indirectly calculated to trade upon Abuelo's trademarks, names, logos, reputation or goodwill, including any further use of marks that are identical or confusingly similar to the Abuelo's Trademarks;

(b) directly or indirectly using in commerce a reproduction, counterfeit, copy, or colorable imitation of the Abuelo's Trademarks in connection with the sale, offering for sale, distribution, or advertisement of any goods and/or services without authorization from Abuelo's;

(c) directly or indirectly using any false designation of origin, false or misleading description of fact, or false or misleading representation of fact in connection with the sale of CardCash' products or services, including any representation that CardCash and/or its products and services are affiliated or connected with, or authorized, approved, licensed, or sponsored by Abuelo's;

(d) passing off, inducing or enabling others to sell or pass off, as products or services produced by or for or distributed with authorization of Abuelo's, any product or service that is not the product or service of Abuelo's, is not produced under the control or supervision of Abuelo's, is not approved by Abuelo's, or is not distributed with Abuelo's express authorization;

(e) engaging in any acts or activities directly or indirectly calculated to infringe upon Abuelo's copyrights, including the Abuelo's Copyrights;

(f) directly or indirectly using, or enabling others to use, any duplication or reproduction of any of Abuelo's Copyrights; and

(g) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f).

2. Order CardCash to file with the Court and serve upon counsel for Abuelo's within thirty (30) days after the entry of the permanent injunction prayed for in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which CardCash has complied with the injunction;

3. Order CardCash to destroy all unauthorized counterfeit products and items that bear any of the Abuelo's Trademarks or Abuelo's Copyrights, and to confirm such destruction in writing to Abuelo's within thirty (30) days after the order is issued, and to provide Abuelo's with

the identity and complete contact information for all persons and entities from which CardCash obtained the unauthorized counterfeit products;

4. Order CardCash to account for and pay to Abuelo's all profits derived by CardCash' acts alleged in this Complaint;

5. Order CardCash to pay Abuelo's all actual damages Abuelo's has sustained as a result of CardCash' actions including, without limitation, damage to Abuelo's business, reputation and goodwill, and the loss of sales and profits that it would have made but for CardCash' acts;

6. Order CardCash to pay Abuelo's statutory damages as provided for in 15 U.S.C. § 1117(c), on election by Abuelo's, in an amount up to $2,000,000 per mark per type of product or service sold, offered for sale, or distributed by CardCash bearing marks deemed to be counterfeits of the Abuelo's Trademarks;

7. Order CardCash to pay Abuelo's statutory damages as provided for in 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement up to $150,000 per work covered by Abuelo's Copyrights infringed by CardCash;

8. Order CardCash to pay Abuelo's compensatory damages in an amount as yet undetermined caused by the foregoing acts of counterfeiting, infringement, false designation of origin, and unfair competition and trebling such compensatory damages for payment to Abuelo's pursuant to 15 U.S.C. § 1117;

9. Find that this is an "exceptional" case pursuant to 15 U.S.C. § 1117;

10. Award Abuelo's its costs of suit, including reasonable and necessary attorneys' fees and expenses pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 505, and other applicable statutes and laws;

11. Award Abuelo's pre-judgment and post-judgment interest at the highest legal rate on all sums awarded in the Court's judgment; and

12. Award Abuelo's such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

/s/ Jason P. Bloom
Jeffrey M. Becker
State Bar No. 02015730
Jason P. Bloom
State Bar No. 24045511

HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: 214-651-5066
Facsimile: 214-200-0853
jeff.becker@haynesboone.com
jason.bloom@haynesboone.com

**ATTORNEYS FOR PLAINTIFF**