**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| FOOD CONCEPTS INTERNATIONAL, L.P., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:17-cv-02920-C |
| | § | |
| CARDCASH EXCHANGE, INC., | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT CARDCASH EXCHANGE, INC.'S ANSWER TO
PLAINTIFF FOOD CONCEPTS INTERNATIONAL, L.P.'S ORIGINAL COMPLAINT**

Defendant, CardCash Exchange, Inc., ("Defendant,"), by way of Answer to the Complaint filed by plaintiff, Food Concepts International, L.P., says as follows:

## I.      NATURE OF THE ACTION

1.      The allegations of Paragraph 1 constitute Plaintiff's characterization of the action and do not require a response.  The allegations are denied to the extent that they imply wrongdoing by Defendant.

2.       Defendant lacks information sufficient to admit or deny the allegations of Paragraph 2 and leaves Plaintiff to its proofs.

3.      Defendant denies the allegations in Paragraph 3.

4.      Defendant denies the allegations in Paragraph 4.

## II.      PARTIES

5.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 5 and leaves Plaintiff to its proofs.

6.      Plaintiff admits the allegations of Paragraph 6.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT           Page 1**

### III.      JURISDICTION AND VENUE

7.      The allegations of Paragraph 7 constitute Plaintiff's characterization of the action and do not require a response.  The allegations are denied to the extent that they imply wrongdoing by Defendant.

8.      Defendant admits this Court has original jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1131 and 28 U.S.C. § 1338(a), but denies the remainder of the allegations therein.

9.      Defendant denies the allegations in Paragraph 9.  Defendant reserves the right to move for dismissal based on lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

10.      Defendant denies the allegations in Paragraph 10.

### IV.      FACTUAL BACKGROUND

11.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 11 and leaves Plaintiff to its proofs.

12.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 12 and leaves Plaintiff to its proofs.

13.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 13 and leaves Plaintiff to its proofs.

14.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 14 and leaves Plaintiff to its proofs.

15.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 15 and leaves Plaintiff to its proofs.

16.      Defendant admits the allegations in Paragraph 16.

17.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 17 and leaves Plaintiff to its proofs.

18.      Defendant denies the allegations of Paragraph 18.

19.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 19 and leaves Plaintiff to its proofs.

20.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 20 and leaves Plaintiff to its proofs.

21.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 21 and leaves Plaintiff to its proofs.

22.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 22 and leaves Plaintiff to its proofs.

23.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 23 and leaves Plaintiff to its proofs.

24.     Defendant denies the allegations of Paragraph 24.

### V.     CAUSES OF ACTION

### <u>Count 1</u>
### Trademark Counterfeiting Under the
### Lanham Act, 15 U.S.C. §§1114(1) and 1116

25.     Defendant repeats its responses to the Paragraphs 1-24 above as set forth herein.

26.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 26 and leaves Plaintiff to its proofs.

27.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 27 and leaves Plaintiff to its proofs.

28.      Defendant denies the allegations in Paragraph 28.

29.      Defendant lacks information sufficient to admit or deny the allegations of Paragraph 29 and leaves Plaintiff to its proofs.

30.      Defendant denies the allegations in Paragraph 30.

31.     Defendant denies the allegations in Paragraph 31.

32.     Defendant denies the allegations in Paragraph 32.

33.     Defendant denies the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

**Count 2**
**Trademark Infringement Under**
**The Lanham Act, 15 U.S.C. §1114(1)**

35.     Defendant repeats its responses to the Paragraphs above as set forth herein.

36.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 36 and leaves Plaintiff to its proofs.

37.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 37 and leaves Plaintiff to its proofs.

38.     Defendant denies the allegations of Paragraph 38.

39.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 39 and leaves Plaintiff to its proofs.

40.     Defendant denies the allegations of Paragraph 40.

41.     Defendant denies the allegations of Paragraph 41.

42.     Defendant denies the allegations of Paragraph 42.

43.     Defendant denies the allegations of Paragraph 43.

44.     Defendant denies the allegations of Paragraph 44.

**Count 3**
**Trademark Infringement, False Designation of Origin,**
**And Unfair Competition Under the Lanham Act, 15 U.S.C. §1125(a)**

45.     Defendant repeats its responses to the Paragraphs above as set forth herein.

46.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 46 and leaves Plaintiff to its proofs.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT          Page 4**

47.     Defendant denies the allegations of Paragraph 47.

48.     Defendant denies the allegations of Paragraph 48.

49.     Defendant denies the allegations of Paragraph 49.

50.     Defendant denies the allegations of Paragraph 50.

51.     Defendant denies the allegations of Paragraph 51.

**Count 4**
**Copyright Infringement under the**
**Copyright Act, 17 U.S.C. §101, *et. seq.***

52.     Defendant repeats its responses to the Paragraphs above as set forth herein.

53.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 53 and leaves Plaintiff to its proofs.

54.     Defendant denies the allegations of Paragraph 54.

55.     Defendant denies the allegations of Paragraph 55.

56.     Defendant denies the allegations of Paragraph 56.

57.     Defendant denies the allegations of Paragraph 57.

58.     Defendant denies the allegations of Paragraph 58.

59.     Defendant denies the allegations of Paragraph 59.

**Count 5**
**Unfair Competition and Misappropriation**
**Under Texas and Common Law**

60.     Defendant repeats its responses to the Paragraphs above as set forth herein.

61.     Defendant lacks information sufficient to admit or deny the allegations of Paragraph 61 and leaves Plaintiff to its proofs.

62.     Defendant denies the allegations of Paragraph 62.

63.     Defendant denies the allegations of Paragraph 63.

64.     Defendant denies the allegations of Paragraph 64.

65.     Defendant denies the allegations of Paragraph 65.

## VI.      REQUEST FOR INJUNCTIVE RELIEF

66.     Defendant repeats its responses to the Paragraphs above as set forth herein.

67.     Defendant denies the allegations of Paragraph 67.

68.     Defendant denies that any injunctive relief is warranted.

69.     Defendant denies the allegations of Paragraph 69.

70.     Defendant denies the allegations of Paragraph 70.

71.     Defendant denies the allegations of Paragraph 71.

## VII.      JURY DEMAND

72.     The allegations of Paragraph 72 constitute a demand for trial by jury and require neither an admission nor denial.

## PRAYER FOR RELIEF

**WHEREFORE**, it is requested that the Court dismiss Plaintiff's claims in their entirety, on the merits, and with prejudice, deny Plaintiff's claims for injunctive and declaratory relief, and awarding attorneys' fees and costs and such other relief as the Court may find to be just and equitable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

This Court lacks personal jurisdiction over this Defendant.

### Third Affirmative Defense

The Court lacks subject matter jurisdiction over Defendant's State Law claims.

## Fourth Affirmative Defense

Plaintiff's copyright claims are barred by the doctrine of fair use.

## Fifth Affirmative Defense

Plaintiff's trademark claims are barred by the doctrine of fair use.

## Sixth Affirmative Defense

Plaintiff's trademark claims are barred by the doctrine of collateral use.

## Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of first sale.

## Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrines of estoppel, waiver and laches.

## Ninth Affirmative Defense

To the extent Plaintiff has suffered any damages, such damages are not attributable to any alleged wrongdoing by Defendant.

## Tenth Affirmative Defense

Any damages alleged by Plaintiff are barred in whole or in part by Plaintiff's own fault and/or non-performance.

## Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages, if any.

## Twelfth Affirmative Defense

Plaintiff's claim for attorneys' fees is barred in whole or in part because this is not an "extraordinary case" under the Lanham Act.

### Thirteenth Affirmative Defense

Any damages alleged by the Plaintiff were caused by the conduct of third parties for whom Defendant has no responsibility or control.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### RESERVATION OF RIGHTS

CardCash Exchange, Inc. hereby reserves the right to add additional affirmative defenses as may be appropriate during the pendency of this lawsuit.

### DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b) Defendant demands a trial by jury on all issues triable by a jury in this matter.

Dated:  December 8, 2017                Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:    */s/ Kenneth P. Kula*
        Kenneth P. Kula
        State Bar No. 24004749
        Ken.Kula@BJCIPLaw.com

        1700 Pacific Avenue, Suite 4750
        Dallas, Texas 75201
        Telephone:    (214) 730-5660
        Facsimile:    (972) 707-1248

**BERKOWITZ, LICHTSTEIN, KURITSKY
GIASULLO & GROSS, LLC**

        John C. Messina
        (*pro hac vice* to be filed)
        jmessina@blkgg.com

        75 Livingston Avenue
        Roseland, New Jersey 07068
        Telephone:    (973) 794-6188
        Facsimile:    (973) 325-7930

**ATTORNEYS FOR DEFENDANT
CARDCASH EXCHANGE, INC.**

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**        **Page 9**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 8th day of December, 2017.  Any other counsel of record will be served by facsimile transmission and first class mail.


/s/ Kenneth P. Kula
Kenneth P. Kula